**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

MICHAEL PAUL ERNEY,

     Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and TRUIST
BANK,

     Defendant.

CASE NO.

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, MICHAEL PAUL ERNEY (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and TRUIST BANK (hereinafter "Truist") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## <u>PRELIMINARY STATEMENT</u>

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION, VENUE, AND PARTIES**

6.      The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Charlotte County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

3

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Truist is a FDIC insured bank with its principal place of business located at 214 N Tryon Street, Charlotte, North Carolina 28202 that upon information and belief conducts business in the State of Florida.

20.     Truist is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     Truist furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

22.     Plaintiff is alleged to owe a debt to Truist as to a credit card, account number ending in x2126 (hereinafter "Truist Account"). Plaintiff never applied or gave permission to anyone to apply using his information for the Truist Account.

23.     On or about July of 2023, Plaintiff learned that a fraudulent Truist Account was opened for purposes of taking out a $9,000 cash advance.

24.     On or about July 5, 2023, Plaintiff contacted Truist to dispute the fraudulent Truist Account. At that time, Truist issued a new credit card and advised Plaintiff that the Truist Account was being investigated.

25.     In the following months, Plaintiff continued to dispute the Truist account and during this time, Truist continued to advise Plaintiff the Truist Account was still being investigated.

26.     On or about October 22, 2023, Truist sent Plaintiff a letter advising the Truist Account was being closed for delinquent obligations.

27.     On or about October 30, 2023, Plaintiff spoke with a representative at Truist who advised the investigation was complete and determined the transaction was not fraudulent.

28.     On or about November 15, 2023, Plaintiff obtained copies of his credit reports. Upon review, Plaintiff observed the fraudulent Truist Account was being reported with a status of "Current" and balance of $9,777. Such reporting negatively affected Plaintiff's debt-to-income ratio.

29.     Shortly thereafter, Plaintiff filed an identity theft report with the Federal Trade Commission (hereinafter "FTC"), report number 166362481, informing them that he believed he was a victim of identity theft due to the fraudulent Truist Account appearing on his credit file.

30.     Due to the inaccurate reporting, on or about December 6, 2023, Plaintiff mailed a detailed written dispute letter to Equifax, Experian, and Trans Union. In that letter, Plaintiff explained the Truist Account did not belong to him and was most likely the result of identity theft. In the letter, Plaintiff included a copy of his driver's

license and Social Security card to confirm his identity. Plaintiff also included images of the erroneous reporting, images of correspondence from Truist regarding the fraud investigation, and information regarding his filed FTC Identity Theft Report, number 166362481.

31.   Plaintiff mailed his written dispute letter via USPS Certified Mail to Equifax (7003 2260 0003 6841 0404), Experian (7003 2260 0003 6841 0152), and Trans Union (7003 2260 0003 6841 0411).

32.   On or about January 8, 2024, Equifax responded to Plaintiff's detailed dispute letter by stating the Truist Account was verified as accurate and updated to reflect a balance of $230.

33.   Despite providing Equifax with all the relevant information needed to prove the Truist Account was fraudulent and unauthorized, Equifax continued to report the inaccurate account.

34.   Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnishers.

35.   Equifax never attempted to contact Plaintiff during the alleged investigation.

36.   Upon information and belief, Equifax notified Truist of Plaintiff's dispute. However, Truist failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

37.    On or about January 10, 2024, Trans Union responded to Plaintiff's detailed dispute letter by stating the Truist Account was verified as accurate and updated to reflect a balance of $205.

38.    Despite providing Trans Union with all the relevant information needed to prove the Truist Account was fraudulent and unauthorized, Trans Union continued to report the inaccurate account.

39.    Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

40.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

41.    Upon information and belief, Trans Union notified Truist of Plaintiff's dispute. However, Truist failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

42.    Plaintiff did not receive dispute results in the mail from Experian. However, on or about January 18, 2024, Plaintiff called Experian who advised the Truist Account was verified as accurate and updated to reflect a balance of $230.

43.     Despite providing Experian with all the relevant information needed to prove the Truist Account was fraudulent and unauthorized, Experian continued to report the inaccurate account.

44.     Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnishers.

45.     Experian never attempted to contact Plaintiff during the alleged investigation.

46.     Upon information and belief, Experian notified Truist of Plaintiff's dispute. However, Truist failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

47.     On or about January 18, 2024, Plaintiff obtained updated copies of his credit reports. Upon review, Plaintiff observed the Truist Account continued to appear on all credit reports with a status of closed and 30 days past due with an updated balance of $230. Such reporting negatively impacted Plaintiff's credit score.

48.     Despite Plaintiff's best efforts to have the fraudulent Truist Account removed, the CRAs continued to report the fraudulent account to Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

49.     The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

50.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

51.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the error;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error;

    iv.    Reduction in credit score;

    v.    Loss of the ability to benefit from lower interest rates; and

    vi.    Apprehensiveness to apply for credit due to the fear of rejection.

## **CAUSES OF ACTION**

## COUNT I
## Violations of 15 U.S.C. § 1681e(b) as to
## Defendant, Equifax Information Services LLC (Negligent)

52.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

53.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

54.    Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

55.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

56.    Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report number 166362481, which contained sworn testimony of the fraud.

57.   The conduct, action and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

58.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MICHAEL PAUL ERNEY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

59.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

60.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

61.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

62.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

63.     Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report number 166362481, which contained sworn testimony of the fraud.

64.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

65.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MICHAEL PAUL ERNEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment

interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
**Violation of 15 U.S.C. § 1681i as to
Defendant, Equifax Information Services LLC (Negligent)**

66.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

67.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

68.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

69.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

70.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

71.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, MICHAEL PAUL ERNEY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

72.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

73.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

15

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

74.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

75.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

76.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

77.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, MICHAEL PAUL ERNEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment

interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

78.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

79.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

80.   Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

81.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

82.     Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report number 166362481, which contained sworn testimony of the fraud.

83.     The conduct, action and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

84.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MICHAEL PAUL ERNEY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

85.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

86.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

87.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

88.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

89.     Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report number 166362481, which contained sworn testimony of the fraud.

90.     The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

91.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MICHAEL PAUL ERNEY, respectfully requests that this Court award actual or statutory damages and punitive damages against

Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violation of 15 U.S.C. § 16811i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

92.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

93.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

94.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

95.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

96.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

97.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, MICHAEL PAUL ERNEY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### **COUNT VIII**
**Violation of 15 U.S.C. § 16811i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

98.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

99.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation;

(3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

100.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

101.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

102.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

103.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, MICHAEL PAUL ERNEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and

severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IX
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

104.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

105.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

106.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

107.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

108.    Trans Union violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report number 166362481, which contained sworn testimony of the fraud.

109.    The conduct, action and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

110.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MICHAEL PAUL ERNEY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

111.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

112.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

113.    Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

114.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

115.    Trans Union violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report number 166362481, which contained sworn testimony of the fraud.

116.    The conduct, action and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

117.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MICHAEL PAUL ERNEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT XI**
**Violation of 15 U.S.C. § 16811i as to**
**Defendant, Trans Union LLC (Negligent)**

118.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

119.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

120.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

121.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

122.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

123.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, MICHAEL PAUL ERNEY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XII
### Violation of 15 U.S.C. § 1681i as to Defendant, Trans Union LLC (Willful)

124.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

125.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

126.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

127.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

128.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

129.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, MICHAEL PAUL ERNEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT XIII**</u>
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, Truist Bank (Negligent)**

130.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

131.   Truist furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

132.   After receiving Plaintiff's disputes, Truist violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

133.   Plaintiff provided all the relevant information and documents necessary for Truist to have identified that the account was fraudulent.

134.   Truist did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Truist by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

135.   Truist violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

136.   As a direct result of this conduct, action, and/or inaction of Truist, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

137.   The conduct, action, and inaction of Truist was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

138.   Plaintiff is entitled to recover costs and attorney's fees from Truist in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MICHAEL PAUL ERNEY, respectfully requests that this Court award actual damages against Defendant, TRUIST BANK, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT XIV
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Truist Bank (Willful)

139.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

140.   Truist furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

141.   After receiving Plaintiff's disputes, Truist violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

142.   Plaintiff provided all the relevant information and documents necessary for Truist to have identified that the account was fraudulent.

143.   Truist did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Truist by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

144.   Truist violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

145.   As a direct result of this conduct, action, and/or inaction of Truist, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

146.   The conduct, action, and inaction of Truist was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

147.   Plaintiff is entitled to recover costs and attorney's fees from Truist in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MICHAEL PAUL ERNEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRUIST BANK, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MICHAEL PAUL ERNEY, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and TRUIST BANK, jointly and severally; attorneys' fees and costs; prejudgment and

post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 29th day of January 2024.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

*/s/ Octavio Gomez, Esq.*
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*